# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
TYERIA SANDERS

## DEFENDANTS
NORTHEAST CAR CONNECTION

**(b)** County of Residence of First Listed Plaintiff    PHILADELPHIA

County of Residence of First Listed Defendant    PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) Andrew M. Milz, Esq., and Cary L. Flitter, Esq, Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:    15 U.S.C. § 1601

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23     DEMAND $     CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):     DOCKET NUMBER

DATE 6/15/15     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TYERIA SANDERS | : | CIVIL ACTION |
| V. | : | |
| NORTHEAST CAR CONNECTION | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)                                                                                                 ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     ( X )

6/15/15                              /s/                              ANDREW M. MILZ
**Date**                    **Attorney at Law**                    **Attorney for Plaintiff**

(610) 822-0782              (610) 667-0552                    AMILZ@consumerslaw.com
**Telephone**                **Fax Number**                    **E-Mail Address**

(Civ.660) 10/02

UNITED STATES DISTRICT COURT                                                                                              APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:  701 W. Allegheny Avenue, Philadelphia, PA 19133

Address of Defendant:  2001 Byberry Road, Philadelphia, PA 19116

Place of Accident, Incident or Transaction:  701 W. Allegheny Avenue, Philadelphia, PA 19133
                                                                *(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))                           Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?                                                                                        Yes ☐   No ☒

*RELATED CASE, IF ANY:*

Case Number:_____ Judge_____ Date Terminated:_____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                                                                                                                Yes ☐ No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?                                                                                                                                                                Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?                                                                                                                                                                Yes ☐ No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify)        15 U.S.C. § 1601

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:
    ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
    ☒ Relief other than monetary damages is sought

DATE: 6/15/15        _____        207715
                          Attorney-at-Law                Attorney I.D.

**NOTE:**  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/15/15        _____        207715
CIV.609 (4/03)            Attorney-at-Law                Attorney I.D.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYERIA SANDERS<br>701 W. Allegheny Avenue<br>Philadelphia, PA 19133<br>　　　　　　　Plaintiff<br><br>vs.<br><br>NORTHEAST CAR CONNECTION<br>2001 Byberry Road<br>Philadelphia, PA 19116<br>　　　　　　　Defendant | CIVIL ACTION<br><br><br><br>NO. |

## COMPLAINT

### I.   INTRODUCTION

1. This is an action against an area car dealership arising under the federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. Defendant knowingly misrepresented a teenager's credit worthiness to a financial institution in violation of federal law.

2. Lured by an advertisement for $88.00 a month car payments, Plaintiff Tyeria Sanders visited the Defendant Northeast Car Connection simply to car shop. Upon arrival, and advising the salesman that she had no funds to put down, Defendant's salesman promised Tyeria that Northeast could get her a low monthly payment, with no down payment or proof of income required, and then bamboozled her into purchasing a car she had no business purchasing.

3. During the sale and finance process, Northeast's salesman actually drove Tyeria to a nearby bank, had her set up a "starter" bank account with no money in it so Tyeria could obtain temporary checks. The salesman knew – because Tyeria told him – that she had no money for a down payment and only a part-time hourly retail job at Target. Upon returning to the dealership, Northeast's salesman instructed Plaintiff to sign and give him a blank check, knowing that Tyeria

1

had no money to put down and no money in the bank account to cover any check. Defendant completed the blank, temporary check in the amount of $1,000.00. Defendant then listed this ersatz deposit as a "down payment" on the purchase documents – even though Defendant knew that the bank account had no funds in it, that the check would be dishonored, and there was effectively no down payment.

4. Defendant misrepresented the Plaintiff's down payment and payment schedule in violation of the federal Truth in Lending Act, 15 U.S.C. §1638(a). Defendant also misrepresented the ability of this young minority consumer to be able to obtain credit for purchase of this vehicle in violation of the Credit Repair Organizations Act, 15 U.S.C. §1679b.

## II. JURISDICTION

5. Jurisdiction is conferred upon this Court by the Consumer Credit Protection Act, 15 U.S.C. §1640(e) and §1679, actionable through 28 U.S.C. §§ 1331, 1337.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

## III. PARTIES

7. Plaintiff Tyeria Sanders (hereinafter "Plaintiff" or "Sanders") is an individual who resides at the address captioned.

8. Defendant Northeast Car Connection is a Pennsylvania car dealership with a principal place of business at the address captioned.

## IV. FACTUAL ALEGATIONS

9. Shortly after her eighteenth birthday, Plaintiff Tyeria Sanders visited Defendant's car dealership on December 17, 2014 to browse for a car.

10. She was persuaded to go to Northeast after seeing an ad for "$88.00 a month" car payments.

11. Tyeria was barely 18, just out of high school, completely unsophisticated in matters of contract or business, and exceptionally vulnerable to exploitation.

12. Upon arriving at the dealership, Tyeria was met by a car salesman by the name of Aaron Torres, who offered to show her some cars.

13. The first words out of Tyeria's mouth to Torres were "I have no money for a down payment."

14. Torres responded this was "not a problem" and that he would "talk with his manager" to arrange a car for Tyeria.

15. Tyeria then advised Torres she did not have any paystubs from her job. Tyeria had only a part time, modest hourly retail job at Target, and so advised Torres.

16. Torres replied that this was also "not a problem" and that all Tyeria needed to buy and finance a car was a drivers' license.

17. Torres showed Tyeria two cars. He said he could put her in a 2012 Ford Fusion sedan.

18. To get the Fusion, Torres told Tyeria, she would need to open a "starter account" at TD Bank and give Northeast a check from the account.

19. Torres then drove Tyeria to a TD Bank near the dealership – knowing that she had no money, no checks to deposit, and no way to fund an account – and told her to go inside and ask to open an account and get some "starter" checks.

20. Tyeria had no relationship with this bank and indeed had never had a check account before.

3

21.   Tyeria opened an account at TD Bank and was given a packet of checks.

22.   Torres then drove Tyeria back to Northeast, ushered her inside and provided her with prepared paperwork to sign.

23.   Northeast filled out a Retail Installment Sale Contract (or "RISC") which listed a "down payment" of $1,000.00.

24.   Northeast knew that Tyeria did not have, and had no means to put down $1,000.00 on this vehicle.

25.   Nonetheless, Torres asked Tyeria to sign and give Northeast one of the starter checks in blank, which she did.  Torres filled out the starter check for $1,000.00.  The check, dated December 17, 2014, was made payable to the Commonwealth of Pennsylvania, ostensibly for "tax."

26.   In fact there was no down-payment in any amount agreed to be made, or made. Tyeria had candidly advised Northeast she had no funds for any down payment.  The scheme to open a bank account at TD and obtain a worthless starter check – which both Tyeria and Northeast knew was not backed by funds – was part of a ruse by Northeast to cheat Tyeria, and the Lender, TruMark Financial Credit Union, by knowingly misrepresenting that Tyeria had $1,000.00 that she was investing as part of the purchase.

27.   Northeast then assigned Tyeria's RISC to TruMark Financial Credit Union and was, upon information and belief, paid the contract price for the sale of the Ford vehicle.

28.   By including the "phantom" payment as a down payment on the RISC it then sought to assign to finance companies, including the ultimate assignee, TruMark, Northeast misrepresented Tyeria had $1,000.00 to put down on the vehicle, and made her appear worthy of credit she could not afford.

4

29. By deliberately creating a situation where the $1,000.00 "starter" check for the down payment was certain (and designed) to bounce, the $1,000.00 would have to be paid later, during the life of the loan. This should have been disclosed as part of the "amount financed" under Regulation Z.

30. Northeast deceptively engineered a sale premised on a phony down payment and very modest income, leaving Tyeria on the hook for an over-drafted TD Bank account devoid of funds, and an expensive car loan she could not afford and that Northeast knew Plaintiff could not afford.

31. As a direct result of Defendant's conduct, Tyeria has been damaged, suffering out-of-pocket losses, credit harm, mental anguish, emotional distress, aggravation, and humiliation.

## COUNT I
## TRUTH IN LENDING ACT

32. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

33. Section 1638 of the Truth in Lending Act mandates that certain standardized disclosures be used in a consumer finance transaction such as occurred here. 15 U.S.C. § 1638.

34. The federal Truth in Lending Act mandates that certain standardized disclosures – including disclosure of the "annual percentage rate," "finance charge" and "total of payments" – be clearly and conspicuously disclosed in a consumer finance transaction. 15 U.S.C. § 1638(a).

35. The exaggerated down payment Defendant set forth in the RISC results in the "total of payments" being inaccurate, in violation of the TILA.

36. Terms such as "amount financed," "finance charge," and "total of payments" must be used, as well as a "descriptive explanation" of each of these terms. 15 U.S.C. § 1638(a).

37. The Act, and the regulations of the Consumer Financial Protection Bureau thereunder mandates that these disclosures be accurate, clear and conspicuous. *See* 15 U.S.C. § 1632(a); Reg. Z, § 1026.71(a).

38. Defendant's Retail Installment Sale Contract does not comply with the requirements of the TILA by misrepresenting, *inter alia,* the total of payments, the down payment, and the amount financed. 15 U.S.C. §1638(a)(5).

39. Defendant's TILA disclosures are inaccurate, unclear, and misrepresent key cost of credit information, and are misleading to the consumer.

40. Defendant violated the Truth in Lending Act, 15 U.S.C. §§ 1632(a), 1638(a)(5).

**WHEREFORE,** Plaintiff Tyeria Sanders hereby demands judgment against Northeast Car Connection for:

(a) Actual damages;

(b) Statutory damages;

(c) Attorney's fees and costs; and

(d) Such other further relief as this Court deems just and appropriate.

**COUNT II**
**CREDIT REPAIR ORGANIZATION ACT**

41. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

42. The federal Credit Repair Organization Act ("CROA"), 15 U.S.C. § 1679, prohibits any person from making any statement, or to counsel or advise a consumer to make any statement, which is untrue or misleading (or which should be known to be untrue or misleading) with respect to a consumer's credit worthiness, credit standing or credit capacity to any person who has

extended credit to the consumer or to whom the consumer had applied or is applying for an extension of credit.

43. Defendant made false and/or misleading statements and representations to actual or potential automobile lenders about Plaintiff's credit capacity in violation of CROA, 15 U.S.C. § 1679b, including as to the amount of her down payment.

44. Northeast knew the Ford vehicle was unaffordable to Tyeria, but it told her differently, and took actions to misrepresent her creditworthiness to credit grantors.

45. The representation by Northeast, in the Retail Installment Sale Contract and credit application that Plaintiff "put down" $1,000.00 was false and material. That misrepresentation of credit-worthiness was intended to, and did, facilitate the extension of credit in the amount of $16,871.00 to Plaintiff, a naïve consumer 18 years of age.

46. As a result of Defendant's conduct and its violations of CROA, Plaintiff has been damaged.

47. Plaintiff was stuck with a high cost auto loan which was something Plaintiff was not equipped to do and never wanted to do. The loan almost immediately went into default.

48. Northeast's assignee, TruMark, ordered the vehicle repossessed. Plaintiff is now damaged and stigmatized with a repossession history.

49. Plaintiff has suffered credit harm, mental anguish, emotional distress, aggravation, and humiliation as a result of Defendant's conduct.

50. Defendant did not provide the requisite Notice of Right to Cancel. 15 U.S.C. § 1679e.

51. Plaintiff now seeks to cancel and annul any contract entered into with Northeast.

**WHEREFORE,** Plaintiff Tyeria Sanders hereby demands judgment against Defendant, Northeast Car Connection for:

(a) Actual and punitive damages, 15 U.S.C. § 1679g;

(b) Cancellation and rescission;

(c) Attorney's fees and costs; and

(d) Such other further relief as this Court deems just and appropriate.

## COUNT III
## CONSUMER PROTECTION LAW

52. Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

53. Defendant is a "person" engaged in "trade" or "commerce" as contemplated in Pennsylvania's Consumer Protection Law, 73 Pa. P.S. § 201-1, *et seq.*

54. Defendant is a "motor vehicle dealer" under Pennsylvania's Automotive Industry Trade Practices Act, 37 Pa. Code § 301.1

55. A violation of Pennsylvania's Automotive Industry Trade Practices Act, 37 Pa. Code § 301.1 *et seq.*, constitutes a violation of Pennsylvania's Consumer Protection Law.

56. Defendant violated Pennsylvania's Automotive Trade Practices Act by making false and/or misleading statements or representations in connection with Plaintiff's purchase and financing of a new vehicle. 37 Pa. Code § 301.2(6).

57. Defendant misrepresented the amount to be paid as a down payment in violation of 37 Pa. Code. § 301.2(6).

58. Defendant also violated Pennsylvania's Consumer Protection Law by engaging in deceptive conduct in connection with Plaintiff's purchase and financing of a used vehicle. *Id.*

59. Defendant's unfair and deceptive conduct included its deceptive "$88 a month" offer, knowing Tyeria could not afford the vehicle but telling her otherwise, misrepresenting that no down payment or evidence of creditworthiness was required, misrepresenting the amount of the down payment, having Plaintiff open a checking account knowing she had no money to do so, soliciting a blank check, filling it out and cashing it while knowing there was no money in the account.

60. Defendant knew or should have known the falsity and deceptive nature of the above misrepresentations and/or omissions.

61. Plaintiff justifiably relied upon Defendant's statements and promises, or omissions and was duped and tricked into entering a car purchase transaction she could not afford.

62. As a result of Defendant's fraudulent and/or deceptive conduct, Plaintiff has suffered an ascertainable loss of money or property and other damages.

**WHEREFORE**, Plaintiff Tyeria Sanders hereby demands judgment against Northeast Car Connection for:

(a) Actual and treble damages, 73 P.S. § 201-9.2;

(b) Cancellation and rescission;

(c) Attorney's fees and costs; and

(d) Such other further relief as this Court deems just and appropriate.

### COUNT IV
### FRAUD

63. Plaintiff incorporates by reference the allegations contained above as if the same were set forth at length herein.

64. Defendant made material misrepresentations and omissions about Tyeria's ability to purchase the Ford vehicle.

65. Defendant's material misrepresentations and omissions were made with scienter and actual knowledge of the fact Tyeria could not afford the Ford vehicle, and made with the intent to induce Plaintiff into purchasing a vehicle under false pretenses.

66. Plaintiff justifiably relied on Defendant's material misrepresentations and omissions and has been damaged as a proximate result.

WHEREFORE, Plaintiff Tyeria Sanders hereby demands judgment against Northeast Car Connection for:

(a) Damages;

(b) Punitive damages;

(c) Any other relief the Court deems just and proper.

## V.   DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 6/15/15

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 668-0018

10